IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**UNITED STATES OF AMERICA**

**V.**                                                                                          **4:07CR00108- 1 JMM**

**CARLOS RAUL RODRIGUEZ-PERALTA**

### ORDER

Pending is the Defendant's pro se Motion Pursuant to Federal Rule of Criminal Procedure 36. There has been no response by the United States. The Court has reviewed the transcript from the Defendant's sentencing hearing held on December 2, 2009 and the relevant law. For the reasons set forth below, the Motion is DENIED.

The Defendant was indicted on April 4, 2007 for conspiracy to distribute more than 50 grams of methamphetamine, in violation of Title 21, U.S.C. § 841 and § 846. The Defendant entered into a written plea agreement with the United States (Docket # 27) and pled guilty to the offense. The parties stipulated that the Defendant's sentence should run concurrently to the federal sentence the Defendant was serving at the time in the District of Arizona.

The Defendant was sentenced by this Court on December 2, 2009. At the sentencing hearing, Defendant's counsel, Ms. Lisa Peters, requested that the Defendant be sentenced to 108 months imprisonment and that the judgment "date back" to allow the Defendant to receive credit for the time he had already spent in federal custody in Arizona. The Government joined in the Defendant's request. The Court sentenced the Defendant to a term of 108 months in the Bureau of Prisons to run concurrently with his previous sentence. Before the hearing concluded, Ms. Peters specifically asked the Court if the sentence of 108 months would start to run from 2008, the date of his previous federal sentence, or the date of the sentencing on December 2, 2009.

The Assistant United States Attorney stated that he did not believe the Court had authority under the law to back date the sentence to start in 2008. The Court agreed, but stated that he would take the request under advisement. In the subsequently filed Judgment and Commitment ("J&C"), the Court stated that the 108 month sentence would run concurrently to the Defendant's previous federal sentence. There was no adjustment made in the J&C to reflect a "back dating" of the 108 month term.

In the Defendant's motion, he asks the Court to correct the judgment in his case to reflect that his 108 month sentence should have begun on February 21, 2008 instead of December 2, 2009. After careful research of the issue, the Court finds that it did not, and does not now, have the authority to commence the Defendant's sentence prior to the date it was imposed, December 2, 2009. "[A] federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." *Coloma v. Holder,* 445 F.3d 1282, 1284 (11th Cir. 2006) (quoting *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980)). *See Lunsford v. Outlaw,* No. 2:08CV00185 JMM/JTR (E.D.Ark. filed April 20, 2010 and adopted May 4, 2010). Therefore, the Court finds that there was no clerical error made in Defendant's J&C.

The Court notes that the Defendant may choose to challenge his sentence pursuant to other statutes. A motion attacking the validity of the sentence itself must be brought under 28 U.S.C. § 2255 in the sentencing court. *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002). The Defendant should consider the statute of limitations and the exhaustion of administrative remedies requirement before filing a § 2255 petition. A claim challenging the execution of the sentence should be filed in a petition for writ of habeas corpus under 28 U.S.C. § 2241. *Id.; see also United States v. Chappel*, 208 F.3d 1069, 1069-70 (8th Cir.) (finding that petitioner's challenge to BOP's calculation of federal credit for time in state custody should be filed as a §

2241 petition).  Moreover, a § 2241 petition attacking the execution of a sentence should be filed in the district in which the Defendant is incarcerated.  *Matheny*, 307 F.3d at 711; *Bell v. United States*, 48 F.3d 1042, 1043-44 (8th Cir. 1995).

In conclusion, Defendant's Motion Pursuant to Federal Rule of Criminal Procedure 36 (Docket # 33) is DENIED.

IT IS SO ORDERED this 18th day of January, 2011.

*James M. Moody*
James M. Moody
United States District Judge